# EXHIBIT 1

1   PETER R. diDONATO, ESQ., State Bar No. 075554
    **diDONATO LAW CENTER**
2   28494 Westinghouse Place, Suite 305
    Valencia, California, 91355
3   Telephone: (661) 255-7500
    Facsimile: (661) 255-7557
4   peter@didonatolegal.com

5   Attorneys for Plaintiffs,
    EBTESAM IBRAHIM, MIKE ISSA and ANDREW ISSA

6

7

8                   **UNITED STATES DISTRICT COURT**

9   **FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

10  EBTESAM IBRAHIM; MIKE ISSA;   )   Case No.: 2:19-cv-10744-MWF (PLAx)
    ANDREW ISSA, individuals;          )
11                                     )
                                       )
12          Plaintiffs,                )   **[PROPOSED] SECOND AMENDED**
                                       )   **COMPLAINT**
13      v.                             )   **FOR DAMAGES**
                                       )
14  FIAT CHRYSLER AUTOMOBILES )        Complaint Filed:  9-30-19
    (FCA); FCA US, LLC; KEY        )   Removal Filed:   12-19-19
15  SAFETY SYSTEMS dba JOYSON )
    SAFETY SYSTEMS fka BREED )         Trial Date:      April 27, 2021
16  TECHNOLOGIES, INC; METHODE )
    ELECTRONIC, INC; AUTOLIV   )
17  ASP, INC,                          )
                                       )
18          Defendants.                )
                                       )

19                    __NATURE OF THE ACTION__

20          1.      This civil action arises out of serious, permanent, life scarring and post-

21  crash personal injuries sustained by Plaintiff Ebtesam Ibrahim of Los Angeles

22  County, California on January 6, 2018, following a foreseeable automobile collision

23  that resulted in the failure of the driver's side airbag deployment in her 2000

24  Chrysler Minivan.

25          2.      This products liability action includes claims for strict liability,

26  negligence, and breach of warranty which arise out of the Defendant Manufacturers'

27  faulty design, selection, inspection, testing, manufacture, assembly, equipping,

28  marketing, distribution, and sale of an uncrashworthy, defective, and unreasonably

                                       1

1  dangerous automobile and automobile airbag system. This action also arises from

2  the failure of proper post-sale inspection of the driver's side airbag module after

3  recall of the vehicle requiring said inspection.

4  **PARTIES**

5      3.      Plaintiff, Ebtesam Ibrahim, brings this automotive products liability and

6  personal injury action for her injuries sustained, including but not limited to pain,

7  suffering, permanent injuries, and loss of enjoyment of life.

8      4.      Plaintiff, Andrew Issa, brings this action for Negligent Infliction of

9  Emotional Distress as the passenger in the 2000 Chrysler Minivan, and witnessing

10 his mother [Ebtesam Ibrahim] sustain the serious, permanent injuries that resulted

11 from the non-deployment of her airbag.

12     5.      Plaintiff, Mike Issa, is the spouse of Plaintiff Ebtesam Ibrahim and

13 brings this action for Loss of Consortium as he sustained damages due to the injuries

14 suffered by Ebtesam Ibrahim.

15     6.      At all times relevant herein, Plaintiffs, Ebtesam Ibrahim, Andrew Issa,

16 and Mike Issa were and are residents of Los Angeles County, State of California

17 and were the owners of the 2000 Chrysler Minivan.

18     7.      Defendant FCA US, LLC is a Delaware limited liability company with

19 its principal place of business in the State of Michigan. Allegations as to Defendant

20 FCA US, LLC, includes all its predecessor companies. This Defendant is the

21 Manufacturer of the 2000 Chrysler Minivan which is the subject of this action. In or

22 about 2004, Defendant FSA US, LLC, issued a Safety Recall-Clockspring notice to

23 owners of vehicles, including the subject vehicle involved the collision as alleged

24 herein. A true and correct of an exemplar of the notice is attached hereto as **Exhibit**

25 **1**.

26     8.      Defendant Key Safety Systems, Inc, dba Joyson Safety Systems, fka

27 Breed Technologies, Inc. is a Delaware Corporation with its principal place of

28 business in Michigan. This Defendant was a manufacturer of the airbag system in

the 2000 Chrysler Minivan.

9.  Defendant Autoliv ASP, Inc., is an Indiana Corporation with its principal place of business in Utah. This Defendant was a manufacturer of the airbag system in the subject vehicle.

10.  Defendant Methode Electronics, Inc. is a corporation with its principal place of business in Illinois. This Defendant was the manufacturer of the airbag clockspring component in the subject vehicle.

11.  Defendant Robert Bosch, LLC, is a Delaware limited liability company with its principal place of business in the State of Michigan. This Defendant was the manufacturer of the airbag electronic control module ("AECM") in the subject vehicle.

12.  Defendant Alhambra Chrysler Dodge Jeep, Inc. is a Delaware corporation with its principal place of business until 2016 in Los Angeles County, California. In 2009 this Defendant conducted an inspection of the subject vehicle for airbag clockspring defects after the Safety Recall-Clockspring notice [**Exhibit 1**] of the subject vehicle.

## JURISDICTION AND VENUE

13.  Jurisdiction is proper in this Court pursuant to the removal of the California State Court Action to Federal Court by Defendant FCA US, LLC.

14.  This Honorable Court has diversity jurisdiction over this action under 28 U.S.C. 1332.

15.  This Honorable Court has personal jurisdiction over all Defendants party to this action pursuant to California Code of Civil Procedure § 410.10.

16.  Venue is proper in this District because this is the situs of the underlying motor vehicle accident wherein the driver's airbag failed to deploy causing injuries to Plaintiffs.

17.  Federal Jurisdiction is present because the amount in controversy exceeds $75,000.00.

## **THE COLLISION INCIDENT**

18.     On January 6, 2018, Ebtesam Ibrahim was properly operating her 2000 Chrysler Minivan when she was involved in a vehicular collision which caused her vehicle to spin and strike a light pole head on. The passenger airbag deployed holding Plaintiff Andrew Issa in his seat. However, the driver's airbag intended to protect Plaintiff Ebtesam Ibrahim failed to deploy as it was designed.

19.     Upon information and belief, at the time of the collision, the vehicle and its component sub-assemblies at issue in this case were in the same essential condition as they were at the time that they left the Defendant Manufacturers' control.

20.     Ebtesam Ibrahim required hospitalization for treatment of her fractured right foot, and right patella. Plaintiff also lost consciousness and sustained a traumatic brain injury. Ebtesam Ibrahim underwent surgery to her knee. She was wheelchair bound for approximately six months. These injuries would not have occurred if the driver's airbag had properly deployed.

21.     Prior to the incident which forms the basis of this Complaint, in 2004, the subject vehicle had been recalled by FCA USA, LLC, as a result of defects in the clockspring mechanism of the airbag deployment system but as of the date of the incident, Plaintiff did not have any direct knowledge of that recall or that her vehicle was among the cars recalled.

22.     The injuries sustained by Ebtesam Ibrahim would not have occurred but for the defects present in the subject vehicle and its component parts on January 6, 2018, which prevented a normal, safe, and expected airbag deployment in the vehicle at the time of the collision with the light pole.

23.     Plaintiff, Andrew Issa, is Ebtesam Ibrahim's son. He was in the front passenger seat at the time of the collision. Although his airbag deployed, he watched his mother being severely injured due to failure of the driver's airbag to deploy which caused him great emotional distress.

4

24.     Plaintiff, Mike Issa, is Ebtesam Ibrahim's husband. He has lost the normal consortium of his wife which normally is enjoyed in a marriage. But for the defective condition of the vehicle and the airbag assembly, Mike Issa would not have lost the normal consortium of his wife.

## FIRST CLAIM FOR RELIEF
### (Strict Liability, Negligence, Design Defect by Plaintiff EBTESAM IBRAHIM as to All Defendants)

25.     Plaintiff, Ebtesam Ibrahim, adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

26.     At all times relevant herein, Defendants FCA US, LLC, Key Safety Systems, Inc, dba Joyson Safety Systems, fka Breed Technologies, Inc., Autoliv ASP, Inc., Methode Electronics, Inc., and Robert Bosch, LLC, designed and manufactured the vehicle and its driver's frontal airbag system and each Defendant owed Plaintiff, Ebtesam Ibrahim,  a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the vehicle and its components, including the driver's frontal airbag system, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring on the highways.

27.     On or about 2009, pursuant to a recall of the subject vehicle due to a defect in the driver's side clockspring component of the driver's side airbag [**Exhibit 1**],  Defendant Alhambra Chrysler Dodge Jeep, Inc., conducted an inspection of the subject vehicle and determined that no repairs were needed. Based upon information and believe, that inspection was not properly conducted and placed drivers of the subject vehicle in foreseeable danger for a front-end collision wherein the driver's side airbag would fail to deploy.

28.     All Defendants placed the vehicle on the market knowing that it would be purchased and used without inspection for defects. The vehicle was defective when it left the control of each defendant. The vehicle at the time of the injury was

1 | being used in the manner intended by the defendants. All Defendants are strictly
2 | liable pursuant to California products liability law.

3 |      29.    WHEREFORE, Plaintiff, Ebtesam Ibrahim, demands judgment against
4 | Defendants FCA US, LLC, Key Safety Systems, Inc, dba Joyson Safety Systems, fka
5 | Breed Technologies, Inc., Autoliv ASP, Inc., Methode Electronics, Inc., Robert
6 | Bosch, LLC, and Alhambra Chrysler Dodge Jeep, Inc., jointly and severally for all
7 | actual and compensatory damages she suffered, together with interest, if applicable,
8 | for all costs of suit of this action, and for such other further relief as this honorable
9 | Court and/or jury may deem just and proper.

10 | **SECOND CLAIM FOR RELIEF**
11 | **(Negligent Infliction of Emotional Distress by Plaintiff ANDREW ISSA**
    **as to All Defendants)**
12 |

13 |      30.    Plaintiff, Andrew Issa, adopts and re-alleges each prior paragraph,
14 | where relevant, as if set forth fully herein.

15 |      31.    Plaintiff, Andrew Issa, witnessed his mother sustain serious injuries
16 | during the subject vehicle accident. He was in the front passenger seat during the
17 | collision. As a result, he suffered substantial emotional distress observing the
18 | accident causing his mother's injuries.

19 |      32.    WHEREFORE, Plaintiff, Andrew Issa, demands judgment against
20 | Defendants FCA US, LLC, Key Safety Systems, Inc, dba Joyson Safety Systems, fka
21 | Breed Technologies, Inc., Autoliv ASP, Inc., Methode Electronics, Inc., Robert
22 | Bosch, LLC, and Alhambra Chrysler Dodge Jeep, Inc., jointly and severally for all
23 | actual and compensatory damages he suffered, together with interest, if applicable,
24 | for all costs of suit of this action, and for such other further relief as this honorable
25 | Court and/or jury may deem just and proper.

26 | **THIRD CLAIM FOR RELIEF**
27 | **(Loss of Consortium by Plaintiff MIKE ISSA as to All Defendants)**

28 |      33.    Plaintiff, Mike Issa, adopts and re-alleges each prior paragraph, where

relevant, as if set forth fully herein.

34.     Before suffering the grievous injuries, Plaintiff's spouse, Ebtesam Ibrahim was able to and did perform all the duties of a wife, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to Plaintiff Mike Issa.

35.     As a direct result of the injuries suffered by Ebtesam Ibrahim in the subject vehicle accident, she cannot perform these duties. Plaintiff Mike Issa is therefore deprived and will be deprived of his wife's consortium.

36.     WHEREFORE, Plaintiff, Mike Issa, demands judgment against Defendants FCA US, LLC, Key Safety Systems, Inc, dba Joyson Safety Systems, fka Breed Technologies, Inc., Autoliv ASP, Inc., Methode Electronics, Inc., Robert Bosch, LLC, and Alhambra Chrysler Dodge Jeep, Inc., jointly and severally for all actual and compensatory damages he suffered, together with interest, if applicable, for all costs of suit of this action, and for such other further relief as this honorable Court and/or jury may deem just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Strict Liability, Negligence, Design Defect and Conscious Disregard for the Safety of Others by Plaintiffs EBTESAM IBRAHIM, ANDREW ISSA and MIKE ISSA as to Defendant FCA US, LLC)**

37.     Plaintiffs Ebtesam Ibrahim, Andrew Issa and Mike Issa, adopt and re-allege each prior Paragraph, where relevant, as if set forth fully herein.

38.     Based upon information and belief, during the period from 1999 through 2004, Defendant FCA US, Inc., discovered and determined that a defect existed in the driver's airbag clockspring assembly which related to motor vehicle safety in the 1999-2000 model year Chrysler minivans. Defendant FCA US, LLC, also was aware that a defective driver's airbag clockspring may lose connections that could cause a driver's airbag to be inoperative.  Defendant FCA US, LLC, was also aware that an inoperative driver's airbag will not deploy and can result in increased

injury to the driver in a frontal crash.  Defendant FCA US, LLC, was also aware that a driver of a 2000 Chrysler Minivan would not be aware of a defective driver's airbag clockspring assembly until the occurrence of a frontal crash.

39.    Based upon its knowledge of the information contained in the preceding paragraph, in or about October 2004, Defendant FCA US, LLC, issued a Safety Recall-Clockspring [**Exhibit 1**] to consumers and owners of vehicles which contained the subject defective clockspring assembly.  That Recall Notice provided that only vehicles subject to the recall which had BEEN CRIVEN 70,000 miles or less would have the clockspring component replaced. That Recall Notice provided that with vehicles which had been driven more than 70,000 miles, the clockspring assembly would be replaced only in the event the clockspring assembly fails, i.e., a frontal collision occurs and the driver's airbag fails to deploy.

40.    As of 2004, Defendant FCA US, LLC, was aware that drivers of recalled vehicles with more than 70,000 miles would be at risk of physical harm or death if involved in a frontal crash as a result of a defective driver's clockspring assembly.

41.    Based upon information and belief, Defendant FCA US LLC, consciously and intentionally placed driver's at risk of personal injury or death in order to save money for replacement of clockspring assembly subject to the Recall which had been driven more than 70,000 miles.

42.    Based upon information and belief, Plaintiffs' subject vehicle had been driven more that 70,000 miles when it was inspected by Alhambra Chrysler Dodger Jeep, Inc., in or about 2009.

43.    Based upon information and belief, in 2009 the driver's airbag clockspring assembly was not replaced in Plaintiffs' subject vehicle when inspected at Alhambra Chrysler Dodger Jeep, Inc., because it had been driven more than 70,000 miles.

44.    Defendant FCA US, LLC, acted in conscious disregard of the safety of

1  Plaintiffs, and was aware of the probable dangerous consequences of its conduct and

2  misfeasance, and willfully and deliberately failed to avoid those consequences. Based

3  upon the conduct of said Defendant, Plaintiffs are entitled to punitive and exemplary

4  damages in a sum to be proven at the time of trial.

5

6  **PRAYER FOR RELIEF**

7  **WHEREFORE**, Plaintiff, Ebtesam Ibrahim prays as follows:

8      1.    For a trial by jury and judgment against Defendants FCA US, LLC,

9  Key Safety Systems, Inc, dba Joyson Safety Systems, fka Breed Technologies, Inc.,

10  Autoliv ASP, Inc., Methode Electronics, Inc., Robert Bosch, LLC, and Alhambra

11  Chrysler Dodge Jeep, Inc., for such sums as actual and compensatory damages,

12  including pain and suffering and permanent impairment, in an amount as a jury may

13  determine and in excess of the minimum jurisdictional limit of this Honorable Court;

14      2.    Punitive and exemplary damages against Defendant FCA US, LLC, in

15  an amount as a jury may determine;

16      3.    For the costs of suit;

17      4.    For such other and further relief for which she may be entitled and as

18  this Honorable Court may deem just and proper.

19  **WHEREFORE**, Plaintiff, Andrew Issa prays as follows:

20      5.    For a trial by jury and judgment against Defendants FCA US, LLC,

21  Key Safety Systems, Inc, dba Joyson Safety Systems, fka Breed Technologies, Inc.,

22  Autoliv ASP, Inc., Methode Electronics, Inc., Robert Bosch, LLC, and Alhambra

23  Chrysler Dodge Jeep, Inc., for such sums as actual and compensatory damages,

24  including pain and suffering and permanent impairment, in an amount as a jury may

25  determine and in excess of the minimum jurisdictional limit of this Honorable Court;

26      6.    Punitive and exemplary damages against Defendant FCA US, LLC, in

27  an amount as a jury may determine;

28      7.    For the costs of suit;

8.    For such other and further relief for which he may be entitled and as this Honorable Court may deem just and proper.

**WHEREFORE**, Plaintiff, Mike Issa prays as follows:

9.    For a trial by jury and judgment against Defendants FCA US, LLC, Key Safety Systems, Inc, dba Joyson Safety Systems, fka Breed Technologies, Inc., Autoliv ASP, Inc., Methode Electronics, Inc., Robert Bosch, LLC, and Alhambra Chrysler Dodge Jeep, Inc., for such sums as actual and compensatory damages, including Loss of Consortium, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

10.    Punitive and exemplary damages against Defendant FCA US, LLC, in an amount as a jury may determine;

11.    For the costs of suit;

12.    For such other and further relief for which he may be entitled and as this Honorable Court may deem just and proper.

## **REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the <u>Federal Rules of Civil Procedure</u>, Plaintiffs demand a trial by jury as to all issues triable by jury, as set forth in this Second Amended Complaint.

Dated: May 28, 2020          Respectfully submitted,

**diDONATO LAW CENTER**

_/s/_

Peter R. diDonato
Attorneys for Plaintiffs EBTESAM IBRAHIM, MIKE ISSA and ANDREW ISSA

EXHIBIT 1

DAIMLERCHRYSLER

*Buckle up for Safety!*

## SAFETY RECALL – CLOCKSPRING

Dear: (Name)

This notice is sent to you in accordance with the requirements of the National Traffic and Motor Vehicle Safety Act.

DaimlerChrysler has determined that a defect, which relates to motor vehicle safety, exists in some **late-1998-2000 model year Dodge Caravan/Grand Caravan, Plymouth Voyager/Grand Voyager and Chrysler Town & Country minivans.**

**The clockspring assembly that connects steering wheel mounted electrical components to the electrical system on your minivan (VIN: xxxxxxxxxxxxxxxxx) may lose the electrical connection to those components. This could cause the driver's airbag, horn, speed control system and/or steering wheel mounted radio controls (if equipped) to be inoperative. An inoperative driver's airbag will not deploy and can result in increased injury to the driver in a frontal crash.**

You can detect a failed airbag clockspring by checking the AIRBAG warning light on your minivan's instrument panel. The AIRBAG warning light normally illuminates for a few seconds after you start your minivan, and then goes out if the airbag system is functioning properly.

➢  <u>**A failed clockspring will cause the AIRBAG warning light to either remain on**</u> (beyond the normal few seconds after you start your minivan), <u>**or illuminate intermittently while you are driving. If this occurs, contact your dealer immediately to have the airbag system inspected.**</u> If your dealer determines that the clockspring has failed, it will be replaced without charge to you (diagnosis, parts and labor).

➢  <u>**If your minivan currently has 70,000 miles or LESS, contact your dealer to have the clockspring assembly replaced without charge to you**</u> (diagnosis, parts and labor), even if it appears to be functioning properly.

When contacting your dealer, ask to have a clockspring held for your minivan or to order one before your appointment. **Remember to bring this letter with you to your dealer.** The work will take less than one hour to complete. However, additional time may be necessary, depending on how dealer appointments are scheduled and processed.

➢  <u>**If your minivan currently has MORE than 70,000 miles and the AIRBAG light operates normally**</u> (illuminates for a few seconds after you start your minivan, and then goes out), **the clockspring in your vehicle is functioning properly and <u>no further action is necessary at this time.</u> If the clockspring assembly fails at any time in the future, regardless of mileage, your dealer will replace it without charge to you** (diagnosis, parts and labor). **Remember to check the AIRBAG warning light to be sure that the airbag system is functioning properly. Keep this letter with your minivan's other owner information for future reference.**

This recall does **NOT** include replacement of <u>other</u> airbag system components. If other components cause illumination of the AIRBAG warning light, the associated repair costs are the owner's responsibility.

Please help us update our records, by filling out the enclosed prepaid postcard, if any of the conditions listed on the card apply to you or your vehicle. Be sure to print the last eight (8) characters of the VIN (VVVVVVVV) and notification code D17 on the postcard.

If you have already experienced a clockspring failure and have paid to have it repaired, you may send your original receipts and/or other adequate proof of payment to the following address for reimbursement: DaimlerChrysler, P.O. Box 610207, Port Huron, MI 48061-0207, Attention: Reimbursement.

If your dealer fails or is unable to remedy this defect without charge and within a reasonable time, you may submit a written complaint to the Administrator, National Highway Traffic Safety Administration, 400 Seventh Street, S.W., Washington, DC 20590, or call the toll-free Auto Safety Hotline at 1-888-327-4236.

We're sorry for any inconvenience, but we are sincerely concerned about your safety. Thank you for your attention to this important matter.

Customer Services Field Operations
DaimlerChrysler Corporation
Notification Code D17

<u>*Note to lessors receiving this recall:*</u> *Federal regulation requires that you forward this recall notice to the lessee within 10 days.*

EXHIBIT "1"