NOTE: CHANGES MADE BY THE COURT

**DYKEMA GOSSETT LLP**
Derek S. Whitefiled (165731)
*DWhitefield@dykema.com*
Anum Amin (319662)
*AAmin@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant, FCA US LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

EBTESAM IBRAHIM, MIKE ISSA, ANDREW ISSA,

Plaintiffs,

v.

FIAT CHRYSLER AUTOMOBILES (FCA); FCA US, LLC; BREED TECHNOLOGIES, INC.; KEY SAFETY SYSTEMS, INC.; JOYSON SAFETY SYSTEMS, INC. AND DOES 1 to 100, INCLUSIVE,

Defendants.

Case No. 2:19-cv-10744-MWF (PLAx)
Hon. Michael W. Fitzgerald

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND PRIVILEGED MATERIALS**

Magistrate: Hon. Judge Paul L. Abrams
Complaint Filed 9-30-2019
FAC filed: 1-7-2020
SAC filed: 6-29-2020

**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY**

To expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, Plaintiffs EBTESAM IBRAHIM, MIKE ISSA, and ANDREW ISSA (collectively, “Plaintiffs”) and Defendants FCA US, LLC, KEY SAFETY SYSTEMS, INC. D/B/A JOYSON SAFETY SYSTEMS F/K/A BREED TECHNOLOGIES, INC., AUTOLIV ASP, INC., and METHODE ELECTRONICS, INC. (collectively, “Defendants”) by



DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

and through their respective counsels of record, stipulate to the following proposed protective order, and respectfully request that the Court enter the parties' stipulated protective order as the Order of the Court.

**STIPULATED PROTECTIVE ORDER**

The parties having stipulated to the entry of this Protective Order, and the Court otherwise being advised;

IT IS ORDERED that the following provisions and conditions shall govern the parties:

1. Purposes and Limitations: Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

2. Good Cause Statement: This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3. This Protective Order shall control the disclosure and dissemination of documents and information. Any party to this case or any producing non-party, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that contains:

a) trade secrets, competitively sensitive, research, development, proprietary, technical, marketing, financial, sales or other confidential business information;

b) private or confidential personal information;

c) information received in confidence from third parties; or

d) a portion of a party's response or producing non-party's response that contains trade secret or other confidential, research, development or commercial information, or information otherwise considered confidential under applicable law by marking the material, in a manner that will not interfere with its legibility.

4. The material will be marked "This document is subject to a Protective Order in *Ebtesam Ibrahim v. FCA US LLC.*"

5. In any deposition, if the deponent's testimony is deemed confidential, a party will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript. Any testimony read from or directly referencing confidential documents is

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

6. Any confidential information that a party or producing non-party provides to another party may be disclosed only to that party and/or immediate employees of that party's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, and experts.

7. Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained. **The provisions of this paragraph shall not apply to the Court and its personnel.**

8. Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

9. Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute the acknowledgment letter attached as Exhibit A, certifying that the recipient will not disclose confidential

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for that party and furnished to counsel for the producing party or producing non-party upon the conclusion of this litigation. **The provisions of this paragraph shall not apply to the Court and its personnel.**

10. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter.

11. Parties filing documents designated as "Confidential" pursuant to the terms of this agreement shall include with such filing, an application to file the documents—or the confidential portions thereof—under seal ("Application"). Such Application must demonstrate good cause for the under-seal filing. The Application shall be directed to the judge to whom the filing is directed for a ruling on whether good cause for the under-seal filing exists. Pending the ruling on the Application, the documents—or portions thereof—subject to the sealing application shall be lodged under seal.

12. Information designated as "Confidential" may be referred to by a party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used,

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, filed with an Application to file under seal consistent with ¶ 11 of this agreement.

13. The terms of this protective order do not extend beyond the commencement of the trial. Any use of Confidential Information at trial and after the conclusion of this action shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Material at trial.

14. All documents and copies of documents designated as Confidential shall be returned to the producing party or producing non-party at the conclusion of this case. This paragraph shall require the return of the original materials produced, together with all photocopies, duplicates, abstracts, or reproductions of such materials.

15. The terms of this Protective Order do not preclude Defendants from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with Defendants' obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

16. In the event that a party disagrees with the producing party's or producing non-party's designation of any item as Confidential and subject to this Protective Order, that party shall initiate the dispute resolution process provided by Local Rule 37-1 *et seq*. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3 and the Court's Scheduling Order. Any challenged items

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

shall continue to be treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

17. Neither plaintiff(s) nor defendant(s) or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

18. The parties further stipulate that the inadvertent production of privileged material shall be protected and governed as follows:

a. Production of any document that, prior to production, was subject to any applicable Privilege shall not constitute waiver of the Privilege, provided that the parties comply with the provisions of this Order.

b. The production of documents in this action shall be governed by Federal Rules of Civil Procedure regarding the inadvertent production of material protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law ("Privileged Material").

c. The procedure set forth below is intended to provide the producing party or any other party purporting to hold a privilege with an efficient method for retrieving or "clawing back" inadvertently produced or distributed Privileged Material. If a producing party, or any other party purporting to hold a privilege, has a good faith belief that Privileged Material has been inadvertently produced or distributed to a third

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

party in connection with any dispute involving the parties, and notifies the person or entity that received the inadvertently disclosed Privileged Material, then, consistent with Federal Rules of Civil Procedure, the inadvertent production of Privileged Material shall not be deemed a waiver as to any privilege over the inadvertently disclosed material or information or any other material or information over which the producing party may claim a privilege or protection from disclosure.

d. Upon a party's discovery that Privileged Material has been produced or disseminated to any person, the receiving party shall provide the party prompt written notice, not to exceed thirty (30) days of from discovery of the inadvertent disclosure.

e. Upon receipt of a written notice claiming that a document is or includes Privileged Material, all persons or entities receiving the notice shall promptly:

(i) Use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in their possession, custody, or control and notify the producing party, or any other party purporting to hold a privilege, that they have done so; and

(ii) Take reasonable steps to retrieve and destroy or sequester the inadvertently produced documents or material from other persons, if any, to whom such documents or material have been provided consistent with Federal Rules of Civil Procedure, and notify the producing party that they have done so.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

f. To the extent a receiving party disputes the claim of privilege or work-product protection (the "disputing party"), the disputing party shall notify the producing party, or any other party purporting to hold a privilege, of its position in writing (a "Dispute Notification"). Within seven (7) days of receiving the Dispute Notification, the producing party, or any other party purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the disputing party in an effort to resolve their disagreement. If no such resolution is reached, the disputing party may apply to the Court for a ruling on the producing party's claim of privilege. In arguing issues concerning protection for material claimed to constitute Privileged Material, no party shall assert as a basis for the relief it seeks (including if a receiving party seeks a ruling that the disclosed information was never privileged) the fact or circumstance that such documents have already been inadvertently produced in the Litigation.

g. If, during a deposition, a party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or work-product protection, it may at its sole election (i) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (ii) consistent with Federal Rule of Civil Procedure 30, instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. Until the dispute is resolved, all parties shall treat the transcript of such deposition as confidential.

19. By agreeing to this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery.

20. This Order is without prejudice to the right of any party to seek its modification or amendment by further order of this Court or by the parties' agreement in writing.

21. Nothing in this Order shall be construed to grant either party to this action the right to file any document or anything under seal without the approval of this Court. Such approval shall be obtained through a good cause hearing before this Court.

**IT IS SO ORDERED.**

Dated: July 22, 2020

HON. PAUL L. ABRAMS
Chief United States Magistrate Judge

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**IT IS SO STIPULATED.**

DATED: July , 2020

**diDONATO LAW CENTER**

By: ______________________________
PETER R. diDONATO,
Attorney for Plaintiffs

DATED: July 21, 2020

**DYKEMA GOSSETT LLP**

By: *_/s/ Derek S. Whitefield_*
DEREK S. WHITEFIELD
ANUM AMIN
Attorneys for Defendant, FCA US LLC

DATED: July 21, 2020

**THE LAW OFFICES OF ALEX CRAIGIE**

By: *_/s/ Alex Craigie_*
ALEX CRAIGIE
Attorney for KEY SAFETY SYSTEMS, INC., D/B/A JOYSON SAFETY SYSTEMS F/K/A BREED TECHNOLOGIES, INC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DATED: July 21, 2020

**DINSMORE & SHOHL LLP**

By: */s/ Dillon D.Chen*
CHRISTOPHER LYON
DILLON D. CHEN
Attorney for METHODE ELECTRONICS, INC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**EXHIBIT "A"**

**WRITTEN ASSURANCE**

STATE OF CALIFORNIA

LOS ANGELES COUNTY

I, ______________________________, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _______________________, 20__, in *Ebtesam Ibrahim v. FCA US LLC*, that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court, Central District of California, Western Division in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

____________________________________

Subscribed and sworn to before me this __________ day of ____________, 201__.

____________________________________

NOTARY PUBLIC

Respectfully submitted,